IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　　vs.<br><br>14.02 ACRES OF LAND MORE OR LESS IN THE COUNTY OF FRESNO, et al.,<br><br>　　　　　　Defendants. | No. CV-F-03-6019 REC LJO<br><br>ORDER REQUIRING CITATION TO AUTHORITY. |

　　Plaintiff United States of America's motion to exclude expert testimony and request for an order establishing the burden of proof at trial was set for hearing on August 1, 2005. The parties informed the court of a tentative stipulation as to the valuation of the property that was filed in conjunction with their joint pretrial conference statement. See Doc. 128.

　　According to the United States, given the judgment on the pleadings entered on June 21, 2004, see Doc. 95, and the stipulation as to the valuation of the property, "no viable factual issues remain in this dispute" and "no points of law remain to be tried in this dispute." Doc. 128 at 5, 8. This,

1

according to the United States' counsel, would render their motion to exclude moot.

Counsel for defendants Maxine H. Sawyer, Mark Sawyer, Harriet Leonard, Charles Sawyer, Andrew Klemm, Bradley Leonard, Ramon Echeveste, and Cecelia Echeveste ("Group Defendants") asserted to the contrary. Group Defendants state in the joint pretrial conference statement that there are both factual and legal issues remaining to be tried. The factual issues as listed in the pretrial conferences statement are:

    A.   Whether the United States served the Order for Delivery on "all persons in possession or control . . ." of the subject property;

    B.   Whether the United States had and has the authority to take the property;

    C.   Whether there is anything in the legislative mandate which allows WAPA to "site or situate electrical transmission lines within a given state;

    D.   Whether at the time of the taking the State of California had approved construction of the Path 15 upgrade;

    E.   Whether at the time of the taking there was any public benefit to building the Path 15 upgrade; and

    F.   Whether in light of the largely private nature of the joint venture and the findings of the State of California, the proposed taking constituted a taking for public use.

See Doc. 128 at 5-6. The legal issues are:

    A.   Was there any federal authority, legislatively or otherwise, for the taking?

    B.   Did the absence of construction authority on the part of the State of California mean that the

2

|   |   |   |
|---|---|---|
|   |   | federal government lacked authority for the taking? |
|   | C. | Did and does the government have the authority to condemn the property of Group Defendants under the congressional statutory authority cited by the government? |
|   | D. | Did and does WAPA have authority to site or situate a transmission line and specifically the transmission line at issue in the complaint here? |
|   | E. | Did WAPA comply with all applicable law [sic] necessary for the taking? |
|   | F. | Was there a valid Congressional appropriation of funds for the project identified in the government's complaint? |

See Doc. 128 at 8-9.

**The Order Granting Judgment on the Pleadings**

On June 21, 2004, this court granted the United States' motion for judgment on the pleadings, rejecting in turn each of the eight affirmative defenses raised by Group Defendants. These defenses included lack of authority (one), lack of public use (three), failure to receive permission from California authorities (two), arbitrary / capriciousness (four), and failure to join proper parties (seven).[1]  See Doc. 95 at 13-14, 27, 36-37.

In rejecting the first defense, the court made the following statements: "the court has reviewed all of the relevant statutes and the arguments of the parties. The court concludes that WAPA

---

[1] The court held that Group Defendants' fifth, sixth and eight affirmative defenses were redundant of those listed.  See Doc. 95 at 36, 39.

1  was fully authorized by federal law to construct the Path 15
2  Project and to condemn the power line transmission easement for
3  it." Doc. 95 at 14. "[A]uthorization existed at beginning &
4  continues to exist." Id. at 18.

> WAPA has inherited the power to condemn specifically for the Central Valley Project as well as through the general authority granted to it as a result of the multi-purpose aspect of the Federal reclamation law, which includes the right to purchase and condemn real property for transmission lines and related facilities. In addition, WAPA has the power to condemn coextensive with its power to purchase . . ..

Id. at 25.

In rejecting the third defense the court stated: "The court concludes that the United States is entitled to judgment on the pleadings with regard to this affirmative defense." Id. at 26. In rejecting the second defense the court concluded "that defendants have waived this aspect of the affirmative defense. Furthermore, even if the court did not conclude defendants had waived it, the court is persuaded that the affirmative defense as expanded in their brief is without merit." Id. at 30. In rejecting the fourth defense the court found that "the arguments made by defendants in opposition to this motion do not meet the standard allowing arbitrary and capricious action to void a condemnation." Id. at 35. In rejecting the seventh defense the court concluded that the issue of joinder "is not a valid affirmative defense to this condemnation action." Id. at 37. The court also held that there is "no question that the Complaint alleges all that is required by Rule 71A." Id. at 39.

4

**Request for Authority**

It appears to the court that the issues raised by Group Defendants in the joint pretrial conference statement have, as the United States asserts, previously been decided by this court and that if the parties stipulate to the value of the property, there are no issues left for trial. Under Rule 71A of the Federal Rules of Civil Procedure, which governs condemnation proceedings, a defendant may file an answer stating all defenses to the taking of the property. "No other pleading or motion asserting any additional defense or objection shall be allowed." Fed. R. Civ. P. 71A(e).

Rule 71A provides only for a trial on the issue of just compensation; it does not provide for a trial on the issue of the taking itself. Fed. R. Civ. P. 71A(e). Rule 71A "contemplates a two-step procedure. In the first step, the government announces what land it needs, and the landowners are given a full opportunity to present, in their answers, objections or defenses they have to the taking. Any defenses so raised are ruled upon by the court." Gov't of Virgin Islands v. 19.623 Acres of Land, 536 F.2d 566, 569 (3d Cir. 1976). This step has been completed here. "The amount to be paid . . . is determined only in the second stage of the procedure. A separate trial is held to adjudicate the item of remuneration." Id. This step would be unnecessary if the parties have indeed stipulated to the value of the property.

Group Defendants are ordered to file a brief of no more than

5

four pages explaining under what legal authority they seek to proceed, i.e. what case or statute allows Group Defendants to raise issues previously asserted as affirmative defenses on which judgment on the pleadings has already been entered and what authority allows Group Defendants to have a trial on any issue other than compensation. Such filing is due by close of business on Friday, August 5, 2005. The United States shall have two business days in which to file any responsive pleading.

Further proceedings in this case shall be by order of this court.

IT IS SO ORDERED.

**Dated:  August 2, 2005**     /s/ Robert E. Coyle
ia40ij                         UNITED STATES DISTRICT JUDGE