IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>   vs.<br><br>14.02 ACRES OF LAND MORE OR LESS IN THE COUNTY OF FRESNO, et al.,<br><br>        Defendants. | No. CV-F-03-6019 REC LJO<br><br>ORDER DISMISSING MOTION AS MOOT AND GRANTING SUMMARY JUDGMENT, *SUA SPONTE*, IN FAVOR OF PLAINTIFF. |

On August 1, 2005, the court was scheduled to hear Plaintiff United States of America's motion to exclude expert testimony and request for an order establishing the burden of proof at trial. At the hearing, the parties informed the court that the parties had stipulated to the value of the property in this eminent domain action via their joint pretrial statement. See Doc. 128.

The Government then asserted that no viable issues remain for trial because this court previously granted judgment on the pleadings as to the propriety of the taking. See Reporter's Transcript "RT" at 9. Counsel for Maxine H. Sawyer, Mark Sawyer, Harriet Leonard, Charles Sawyer, Andrew Klemm, Bradley Leonard,

1

1  Ramon Echeveste, and Cecelia Echeveste ("Group Defendants")
2  asserted that there are "viable issues for trial other than
3  valuation."  RT at 10.
4      The court requested supplemental briefing requiring Group
5  Defendants to cite authority for the position that a trial may be
6  had as to the taking despite the entry of judgment on the
7  pleadings.  The United States was given time to respond.  This
8  supplemental briefing was completed on August 9, 2005.
9      Upon due consideration of the written and oral arguments of
10 the parties and the record herein, the court has determined that
11 no issues remain for trial.  The court therefore GRANTS summary
12 judgment *sua sponte* in favor of Plaintiff United States.

**I.  General Background**

The United States filed the instant action on July 29, 2003, seeking to obtain easement rights through its power of eminent domain to approximately 14.02 acres of land in western Fresno County.  The stated public use is the construction of a transmission line that comprises part of the power transmission system of the Pacific Northwest-Pacific Southwest Interie Project.  The project is administered by the Western Area Power Administration under the United States Department of Energy.

On January 14, 2004, Group Defendants filed an answer to the United States' complaint challenging the attempt to condemn the 14.02 acres of disputed property and asserting eight affirmative defenses.  On May 3, 2004, the United States moved to strike Group Defendants' answer, or alternatively, for judgment on the

2

1  pleadings regarding the United States' right to obtain an
2  easement interest in the 14.02 acres.  Specifically, the United
3  States requested "judgment as to its right to take the subject
4  property."  See Doc. 67.
5       On June 21, 2004, the court granted the motion for judgment
6  on the pleadings, thereby authorizing the United States' right to
7  condemn the 14.02 acres for the stated purpose.  See Doc. 95; see
8  also Doc. 130 at 3-4.  In rejecting each of the eight affirmative
9  defenses raised by Group Defendants, the court concluded that
10 "WAPA was fully authorized by federal law to construct the Path
11 15 Project and to condemn the power line transmission easement
12 for it" and rejected Group Defendants' attack as to the proposed
13 public use.  Doc. 95 at 14, 26.  The court held that there was
14 "no question that the Complaint alleges all that is required by
15 Rule 71A."  Id. at 39.
16      Group Defendants appealed the order granting judgment on the
17 pleadings to the Ninth Circuit.  See Doc. 100.  The Ninth Circuit
18 dismissed the appeal as being of a non-final decision because a
19 "final decision in condemnation proceeding is one which
20 adjudicates all rights, 'including . . . just compensation.'"
21 Order of 9th Cir., Doc. 117 (quoting Catlin v. United States, 324
22 U.S. 229, 233 (1945)).  In other words, the court's order was
23 non-appealable because it disposed with only a portion of the
24 case; the valuation issue remained.
25      On April 1, 2005, Group Defendants disclosed defendant Ramon
26 Echeveste and third-party Loretta Lynch of the University of

California Berkeley as Group Defendants' possible experts. The expert disclosure indicated that neither witness was a retained expert. See Doc. 119.

The United States filed a motion to exclude the expert testimony of both witnesses. The United states argued that Group Defendants violated Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure because Group Defendants' experts did not provide the United States with reports. In its motion, the United States specified that it was seeking to prohibit Group Defendants "from introducing expert testimony in support of their valuation claims at trial." Pl.'s Mot.(Doc. 123) at 5. The motion also sought an order setting forth the burdens of proof at trial and the sequence in which the parties would present evidence.

Group Defendants argued in response that the United States' motion was untimely, procedurally improper and frivolous.

On Friday, July 29, 2005, the parties filed their Joint Pretrial Statement. See Doc. 128. The parties agree that the "value of the property taken is $7,374.32." Id. at 3.

**II.   The United States' Motion is Moot**[1]

The United States moved to exclude expert testimony as it related to Group Defendants' valuation claims at trial.[2] Pl.'s

---

[1] Group Defendants argued that the motion was untimely because the hearing date went beyond the date in the scheduling order. The court was unavailable on both July 18 and July 25, 2005, and directed the United States to calendar the hearing for August 1, 2005. The court hereby amends the scheduling order such that the Pretrial Motion Hearing Deadline is August 1, 2005.

[2] To the extent counsel for Group Defendants asserted that the United States' "motion was not strictly couched in terms of

4

Mot. at 5; RT at 9. As the parties have stipulated that the value of the property is $7,374.32, the issue no longer needs to be decided at trial and the United States' motion to exclude expert testimony is DISMISSED AS MOOT.

The United States also sought an order from the court establishing the burden of proof at the valuation trial because "it is well established that the landowner has the burden of establishing the fair market value of the property subject to condemnation." United States v. 174.12 Acres of Land, 671 F.2d 313, 314-15 (9th Cir. 1982) (citing United States ex rel T.V.A. v. Powelson, 319 U.S. 266, 63 S. Ct. 1047, 87 L. Ed. 1390 (1943)). This request is likewise DISMISSED AS MOOT.

**III. Summary Judgment is Appropriate**

    **A. The Condemnation Process**

Rule 71A of the Federal Rules of Civil Procedure governs condemnation proceedings. It "contemplates a two-step procedure. In the first step, the government announces what land it needs, and the landowners are given a full opportunity to present, in their answers, objections or defenses they have to the taking. Any defenses so raised are ruled upon by the court." Gov't of Virgin Islands v. 19.623 Acres of Land, 536 F.2d 566, 569 (3d Cir. 1976). In the second step, the issue of just compensation

---

excluding valuation experts, it was couched in terms of excluding all experts," counsel is incorrect. RT at 7. The United States specifically argued that "Group Defendants are prohibited from introducing expert testimony in support of their valuation claims at trial." Pl.'s Mot. (Doc. 123) at 5 (emphasis added).

1 is determined. Id. It is only as to the second step that a
2 party has a right to a jury trial; all other legal and factual
3 issues are to be decided by the trial court.[3] See Fed. R. Civ.
4 P. 71A(h); United States v. Reynolds, 397 U.S. 14, 20, 25 L. Ed.
5 2d 12, 90 S. Ct. 803 (1970); United States v. Certain Parcels of
6 Land, 509 F.2d 801, 803 (5th Cir. 1975).

7 Rule 71A specifies that "except as otherwise provided by
8 this rule" the Federal Rules of Civil Procedure "govern the
9 procedure for the condemnation of real and personal property."
10 Fed. R. Civ. P. 71A(a). Rule 71A does not preclude a pre-trial
11 motion for judgment on the pleadings pursuant to Rule 12.

**B. Summary Judgment is Appropriate**

13 Rule 56 of the Federal Rules of Civil Procedure provides
14 that summary judgment is appropriate if "there is no genuine
15 issue as to any material fact and that the moving party is
16 entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).
17 A court has the inherent power to enter summary judgment *sua*
18 *sponte*, so long as notice is provided to the losing party.
19 Celotex Corp. v. Catrett, 477 U.S. 317, 326, 91 L. Ed. 2d 265,
20 106 S. Ct. 2548 (1986).

21 At the hearing on the motion to exclude, counsel for Group
22 Defendants asserted that they could "proceed with a certain cause

---

[3] The court inadvertently omitted the word "jury" in its prior order, see Doc. 130 at 5:12-13. The court did not intend to imply that a *court* trial as to the propriety of the taking is never allowed by Rule 71A; a court trial may indeed be appropriate as to affirmative defenses not rejected by a dispositive motion.

6

of action, <u>namely the defense to the complaint</u> to which Ms. Lynch's expert testimony relates." RT at 4 (emphasis added). The defenses to the complaint can be none other than the affirmative defenses that were raised by Group Defendants in their answer, as Rule 71A specifies that the answer is the only filing in which defenses may be raised. As these defenses were rejected in the order granting judgment on the pleadings, the court provided Group Defendants with the opportunity to demonstrate that there remain issues for trial. The court specifically requested legal authority - "what case or statute"[4] - for the proposition that a party may, after judgment on the pleadings is entered against it, present evidence as to the issues decided in the decision granting judgment on the pleadings. Doc. 130 at 6.

Group Defendants assert that there "can be no question that Group Defendants have the right to a court trial on the issues they have set forth in their Joint Pretrial Statement."[5] Defs.' Statement at 2. The court disagrees.

The legal authority cited by Group Defendants is largely inapposite and is unpersuasive. None of the authorities involve an order granting judgment on the pleadings and its subsequent effect in a takings case. Two involve the doctrine of claim

---

[4] Group Defendants take issue with the four page limitation imposed by the court's order. Given that the court requested *only a citation* to a case or statute, nothing more, the page limit was not inappropriate.

[5] These issues mirror the affirmative defenses raised by Group Defendants in their answer.

7

preclusion / res judicata, which is not relevant here as no party has sought to assert preclusion based on an earlier case. See Arizona v. California, 530 U.S. 392 (2000) (discussing preclusive effect of *prior case* ending in consent judgment); Technograph Printed Circuits, Ltd. v. United States, 372 F.2d 969 (Ct. Cl. 1967) (discussing preclusive effect of *prior patent case* in subsequent litigation involving different party). Another involves a finding that a district court exceeded its authority when it dismissed a case as a sanction for violation of the scheduling order in a separate but related case. Atchison, T. & S.F. Ry. v. Hercules, Inc., 146 F.3d 1071 (9th Cir. 1998). This case is also irrelevant.

Group Defendants also argue that an entry of summary judgment *sua sponte* would be "in derogation of the Federal Rules" and that the judgment on the pleadings does not support summary judgment because a non-final judgment may be reconsidered. Defs.' Statement at 4. Group Defendants are correct that a court may reconsider its prior rulings in a case. Jeffries v. Wood, 114 F.3d 1484, 1510 (9th Cir.), *cert. denied*, 522 U.S. 1008 (1997). However, the law of the case doctrine "enables the court to treat its own interlocutory rulings as final and go on with the business of deciding the rest of the case." Id. Moreover, as the United States points out, Group Defendants have not requested reconsideration.[6] The potential for reconsideration

---

[6] The United States' assertion that such a request would be governed by Rule 60 of the Federal Rules of Civil Procedure is

8

1 does not prohibit a court from proceeding with a case.

2     Group Defendants assert that "there has been no motion for
3 summary judgment or any other type of dispositive motion on
4 Plaintiff's Complaint." Defs.' Statement at 2. Group Defendants
5 are incorrect. A motion for judgment on the pleadings is a
6 dispositive motion to be decided by a district court. See 28
7 U.S.C. § 636(b)(1)(A) (listing mechanisms for dispositive
8 determinations that may not be designated to magistrate judges);
9 see also Boskoff v. Yano, 217 F. Supp. 2d 1077, 1084 (D. Haw.
10 2001). The granting of judgment on the pleadings was a
11 dispositive determination as to the issue of the taking. It was
12 not a final determination of the entire case only because Rule
13 71A provides for a separate trial as to just compensation.

14     A Rule 12(c) motion for judgment on the pleadings is
15 essentially the same as a Rule 12(b)(6) motion to dismiss; both
16 challenge the "legal sufficiency of a parties' allegations."
17 Schwarzer, Tashima & Wagstaffe, Cal. Prac. Guide: Fed. Civ. Pro.
18 Before Trial § 9.319 (The Rutter Group 2005) ("Schwarzer"). In
19 deciding the motion a court must, as this court did, construe the
20 pleadings in the light most favorable to the non-moving party.
21 Doc. 95 at 10. In granting judgment on the pleadings in favor of
22 the United States and rejecting the affirmative defenses raised
23 by Group Defendants, the court determined that it appeared beyond

---

25 mistaken. Local Rule 78-230(k) governs motions for reconsideration of non-final orders; Rule 60 applies only to final judgments. E.D.
26 Cal. R. 78-230(k).

1 doubt that Group Defendants could prove no set of facts in
2 support of their defenses that would entitle them to relief. <u>See</u>
3 Doc. 95 at 10-11 (quoting Rule 12(b)(6) standard of <u>Conley v.</u>
4 <u>Gibson</u>, 355 U.S. 41, 45-46 (1957)); <u>see</u> <u>also</u> Schwarzer § 9:335.
5 This determination was and is dispositive as to the affirmative
6 defenses.

7 The order granting judgment on the pleadings eliminated any
8 factual issues as to the propriety of the taking. The parties'
9 stipulation in the joint pretrial statement eliminates any
10 factual issues as to the issue of just compensation. No genuine
11 issue of material fact remains in this case.

12 **ACCORDINGLY, IT IS ORDERED** summary judgment is hereby
13 GRANTED, *sua sponte*, in favor of Plaintiff United States.

14 **FURTHER ORDERED** that the United States' motion to exclude
15 expert testimony is DISMISSED as moot.

16 **FURTHER ORDERED** that the United States shall, within 5
17 business days, lodge with the court a proposed order appropriate
18 to dispose of this case, including findings of fact and
19 conclusions of law, if appropriate. Judgment shall be entered
20 after the court receives, reviews and adopts the proposed order.

22 IT IS SO ORDERED.

23 **Dated: September 9, 2005**             **/s/ Robert E. Coyle**
ia40ij                                      UNITED STATES DISTRICT JUDGE