McGREGOR W. SCOTT
United States Attorney
E. ROBERT WRIGHT
BRIAN W. ENOS
Assistant U.S. Attorney
Federal Building, Room 3654
1130 "O" Street
Fresno, California 93721
Telephone: (559) 498-7272
Facsimile: (559) 498-7432

Attorneys for the United States

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>14.02 ACRES OF LAND MORE OR LESS IN THE COUNTY OF FRESNO, et al.,<br><br>　　　　　Defendants. | Case No. CV-F-03-6019 REC/LJO<br><br>**FINAL JUDGMENT IN EMINENT DOMAIN** |

　　　Following: (1) the Court's June 21, 2004 "Order Denying United States' Motion to Strike Affirmative Defenses and Granting United States' Motion for Judgment on the Pleadings" and June 23, 2004 Order amending the same, (2) a stipulation to just compensation between defendants Maxine H. Sawyer, Mark Sawyer, Harriet Leonard, Charles Sawyer, Andrew Klemm, Bradley Leonard, Ramon Echeveste and Cecelia Echeveste (the "Group Defendants") and plaintiff United States of America ("Plaintiff"), and (3) the Court's receipt and analysis of subsequent briefing pursuant to

the Court's August 2, 2005 "Order Requiring Citation to Authority", the Court is fully informed and finds:

1. The complaint and declaration of taking were filed on July 29, 2003, and the sum of Five Thousand Eight Hundred Fifty and No/100 Dollars ($5,850.00) was deposited with the Court as estimated just compensation for the taking of the interests condemned in the subject land, as more particularly defined in said Complaint and Declaration of Taking.

2. The use for which the subject property is taken and condemned by Plaintiff is one authorized by law. The property and its taking are necessary and suited to that use.

3. All parties interested directly or indirectly in the subject property have been served with process or by publication, or have appeared in this action. The property, and all claimants and parties interested therein, are within the jurisdiction of this Court, which has the power and authority to enter this final judgment.

4. At the time of and immediately preceding the filing of the Complaint and Declaration of Taking, numerous defendants were entitled to the compensation to be awarded for the taking of the estate and interests condemned by this action. The assumed owners of the various defendants are set forth in the attached description of the estate taken, legal description and ownership entities, supplied by Plaintiff, at Tab A.

5. At the time of and immediately preceding the filing of the Complaint and Declaration of Taking, the subject property was vested to approximately 73 ownership entities. Based on information Plaintiff supplied to the Group Defendants in this case which the Group Defendants have not thus far disputed, the Group Defendants owned the following ownership interests in the subject property:

   a. Maxine H. Sawyer owned a 1/162 interest in the property or, expressed in terms of percentages, 0.6173 percent;

   b. Mark Sawyer owned a 1/162 interest in the property or, expressed in terms of percentages, 0.6173 percent;

   c. Harriet Leonard owned a 1/162 interest in the property or, expressed in terms of percentages, 0.6173 percent;

   d. Charles Sawyer owned an undetermined ownership interest in the property;

   e. Andrew Klemm owned an undetermined ownership interest in the property;

   f. Bradley Leonard owned a 1/162 interest in the property or, expressed in terms of percentages, 0.6173 percent; and

   g. Ramon Echeveste and Cecilia Echeveste jointly owned a 1/36 interest in the property or, expressed in terms of percentages, 2.7777 percent.

6. Group Defendants have not disputed any of the above assumed ownership interests, nor have they provided evidence demonstrating that any of the above ownership interests are inaccurate.

7. Plaintiff and the Group Defendants have entered into a stipulation, memorialized within the parties' Pretrial Report and again on the record at a hearing on August 1, 2005, in which the Group Defendants agree that the just compensation in this case for the entire estate taken is the sum of Seven Thousand Three Hundred Seventy Four and 32/Hundredths Dollars ($7,374.32.), exclusive of all interest (except interest that accrued on the registry deposit), costs, expenses and attorney's fees, as just compensation.  The Court finds that sum to be full, adequate and just compensation for the taking of the estates and interests condemned by the above entitled action, and for any damages resulting therefrom, in light of the fact that Plaintiff and the Group Defendants (the only defendants to appear) agree to this sum in a prior stipulation, and the fact that the original deposit of the estimated just compensation in a lesser amount, $5,850, was not the subject of objection by any of the other defendants.  The deficiency between the just compensation set by stipulation of $7,374.32, and the deposited estimate of compensation of $5,850, is $1,524.32.

8. The interests condemned in the subject property were more particularly set forth in the Complaint and Declaration of Taking filed herein.  Said interests are adopted herein by reference.

9. The subject property, in which the above referenced interests are condemned, is situated in the County of Fresno, States of California, and is more particularly

4

described in the mentioned Complaint and Declaration of Taking.  That description is adopted herein by reference.

NOW THEREFORE IT IS ORDERED, ADJUDGED AND DECREED that title to the interests condemned in this proceeding as to the subject property vested in the United States of America free and discharged of all claims and liens of any kind whatsoever upon the date of the filing of Declaration of Taking in this action and the depositing of the mentioned sum, and that said interests condemned are taken for the public use of the United States as authorized by law.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that for the taking of the subject property, the just compensation due to the defendants as a group is the sum of $7,374.32, which the Court here adopts as a finding.  The plaintiff United States has deposited $5,850 with the Declaration of Taking, and shall forthwith deposit the deficiency of One Thousand Five Hundred Twenty Four and 32/Hundredths Dollars ($1,524.32).  The Clerk shall maintain these funds in an interest bearing account for five years, subject to withdrawals set forth here and in future orders of the Court.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Clerk shall distribute a portion of the sum in the Registry to the following Group Defendants, after deducting the registry fee, as follows:

   a.   $45.52 (Forty Five and 52/Hundredths Dollars) to Maxine H. Sawyer as 1/162 interest holder, plus 0.6173 percent of the remaining interest accumulated in the registry account to date, in a check made payable to:

MAXINE H. SAWYER

and mailed to them at this address:

MAXINE H. SAWYER
1026 S. ROGERS LANE
FRESNO, CA 93727

      b.    $45.52 (Forty Five and 52/Hundredths Dollars) to Mark Sawyer as 1/162 interest holder, plus 0.6173 percent of the remaining interest accumulated in the registry account to date, in a check made payable to:

MARK SAWYER

and mailed to them at this address:

MARK SAWYER
5601 MING AVE., #12
BAKERSFIELD, CA 93309

      c.    $45.52 (Forty Five and 52/Hundredths Dollars) to Harriet Leonard as 1/162 interest holder, plus 0.6173 percent of the remaining interest accumulated in the registry account to date, in a check made payable to:

HARRIET LEONARD

and mailed to them at this address:

HARRIET LEONARD
107 W. HERBERT AVE.
REEDLEY, CA 93654

      d.    $45.52 (Forty Five and 52/Hundredths Dollars) to Bradley Leonard as 1/162 interest holder, plus 0.6173 percent of the remaining interest accumulated in the registry account to date, in a check made payable to:

BRADLEY LEONARD

and mailed to them at this address:

BRADLEY LEONARD
616 DALE AVE.
YUBA CITY, CA 95993

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

e.    $204.84 (Two Hundred Four and 84/Hundredths Dollars) jointly to RAMON ECHEVESTE and CECELIA ECHEVESTE, plus 2.7777 percent of the remaining interest accumulated in the registry account to date, in a check made payable to:

RAMON ECHEVESTE and CECELIA ECHEVESTE

and mailed to them at this address:

RAMON ECHEVESTE and CECELIA ECHEVESTE
1888 7th St.
FIREBAUGH, CA 93622

These payments are full, adequate and just compensation for the taking of the Group Defendants' present interest in the estate taken for the easement, based upon their interest in the subject property, under the terms of the stipulation referenced above and filed herein within the parties' Pretrial Report.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that, pursuant to 28 U.S.C. §2042, the remaining defendants in this case, or their successors, may present declarations in substantially the form attached at Tab B to this Judgment, including proof of the existence and extent of their ownership in the property, and proof of their identity, and so claim their share of just compensation remaining on deposit with the Court.  These defendants include Group Defendants Charles Sawyer and Andrew Klemm, in that their precise ownership interests have thus far not been determined.  These defendants shall have five years from the date hereof to submit their applications for payment to the Court, serving copies of the application upon the Department of Justice, United States Attorney, and the Western Area Power Administration as well.  After ten days, the Department of Justice or U.S. Attorney will file an amicus curiae statement

7

concerning the application.  The Court will review the application, the amicus statement if any, and order payment thereof, deny the application, or request further briefs from the claimant and/or amicus statements from the U.S. Attorney, in its discretion.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED, also pursuant to 28 U.S.C. § 2402, that after five years from the date of this Judgment, if any funds remain in the Court Registry in this case, the Clerk is to issue a check for the remaining funds payable to the Treasury of the United States and deliver the same to the United States Attorney's Office for this District, to the attention of the Civil Section Chief.

Dated:__October 6, 2005_____/s/ROBERT E. COYLE_____
_____
                                        THE HONORABLE ROBERT E. COYLE
                                        United States District Judge

8